**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHARLES MICHAEL KISSICK,

Plaintiff-Appellant,

v.

TOMMY JAMES, R. G. THOMPSON,

Defendants-Appellees.

No. 97-6165
(District of Oklahoma)
(D.C. No. 96-CV-1166)

### ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Charles M. Kissick, a federal prisoner appearing *pro se*, appeals the district court's grant of summary judgment to defendants L.T. James and R.G. Thompson.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kissick brought this suit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that his ring and watches were wrongfully confiscated following a search of a leisure center at the Federal Correctional Institution in El Reno, Oklahoma. The district court granted summary judgment as to Kissick's claims against the defendants in their official capacity because federal officials are immune from liability in their official capacity under the Eleventh Amendment. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994). As to the claims against the defendants in their individual capacity, the district court granted summary judgment to the defendants on qualified immunity grounds, reasoning that Kissick had not identified a clearly identified right or law which the defendants violated.[1]

---

[1]In reaching this conclusion, the district court reasoned as follows:

[Kissick's] constitutional rights claim is based on a deprivation of property in violation of the due process clause. As the magistrate judge noted, the record reflects that [Kissick's] complaint about the confiscation procedure utilized is essentially a negligence claim, which is insufficient to trigger the protections of the due process clause. *Daniels v. Williams*, 474 U.S. 327, 330 (1986). Even if [Kissick's] claim is construed as alleging the defendants intentionally kept his property, that contention is also insufficient because a deprivation of a constitutionally protected property interest caused by an employee's random unauthorized conduct does not give rise to a due process claim where there is an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In this case, [Kissick] has an adequate post-deprivation remedy under the FTCA if it is his contention that defendants acted outside their authority in confiscating his property.

Dist. Ct. Order at 3.

This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

This court has conducted a *de novo* review of Kissick's briefs and contentions, as well as the entire record on appeal. Upon review, we **AFFIRM** for substantially the reasons set forth in the district court's well-reasoned Order dated May 6, 1997. We also note that Kissick's appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge